UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:06CV-98-R

FURMANITE AMERICA, INC.                                                                             PLAINTIFF

v.

PRECISION PUMP AND VALVE SERVICE, INC., et al.                          DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Alter or Amend (Dkt. # 21). Defendants (Precision and the Former Employees) responded (Dkt. Nos. 44 and 45), Plaintiff replied (Dkt. # 46), and this matter is now ripe for consideration. For the reasons below, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion.

Plaintiff Furmanite's Motion seeks reconsideration of its earlier motion for Temporary Restraining Order, denied by the Court on March 2, 2006, as well as separately requesting another injunction and expedited discovery.

With regard to its original Motion for Temporary Restraining Order, Furmanite essentially re-incorporates its earlier arguments into this Motion. It argues that the Court's March 2, 2006 Order does not address each of the nine grounds on which its Complaint seeks injunctive relief. The Court notes that Furmanite's original memorandum in support and its arguments at the hearing addressed only the antitrust and misappropriation of trade secrets issues with respect to the requested temporary restraining order, both of which the Court addressed in its March 2, 2006 Order. In any case, the Court remains convinced that the requirements for a temporary restraining order have not been satisfied by Furmanite in this case.

Furmanite has also requested a more limited temporary restraining order preventing its former employees "from breaching the provisions of the Employee Handbook and the Confidentiality Agreements to which each [employee] agreed" and preventing Precision "from utilizing Furmanite's confidential information." (Dkt. # 21, at 7). To determine whether to grant Plaintiff's preliminary injunction, the Court must consider: "(1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest." *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County*, 274 F.3d 377, 400 (6th Cir. 2001).

The Confidentiality Agreements, by their own terms, do not appear to extend beyond the term of the Former Employees' employment with Furmanite. Furmanite has not presented the Court with any reason the Court should construe those agreements otherwise. Furmanite also seeks to enjoin the Former Employees on the grounds that the Employee Handbooks (filed as Dkt. # 14) constitute agreements that the Court should enforce as binding the Former Employees. In light of (i) the fact that the Employee Handbooks contain language that indicate that they constitute a set of policies, not an employment contract; and (ii) the fact that the provisions of the Employee Handbooks appear to be in contradiction with the Confidentiality Agreements, the Court finds that Furmanite has not demonstrated a likelihood of success on the merits sufficient to warrant the grant of the requested temporary restraining order.

Furmanite also requested expedited discovery. That request is denied as to the Former Employees, but granted as to Precision, which shall have twenty (20) days from the date of receipt of the discovery requests to respond.

On the issue of its overruling the preliminary injunction motion, the Court notes that in its March 2, 2006 Order, its intent in overruling the motion for preliminary injunction at the present time was for Furmanite to have the opportunity, if it so chose, after initial discovery to reinstate the motion (either by new filing or by incorporating the arguments from its initial motion), after which a full evidentiary hearing would be held.

**IT IS SO ORDERED**.